UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P138-M

ANDRE DRAPER-EL                                                                    PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY *et al.*                                    DEFENDANTS


### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28

U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, the Court will dismiss this action in its entirety.

### I.  SUMMARY OF CLAIMS

Plaintiff Andre Draper-EL, a convicted inmate incarcerated at the Green River Correctional

Complex, initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the Commonwealth of

Kentucky, Commonwealth Attorney R. David Stengel, State Prosecutor Danielle Doelling, State

Prosecutor Scott Davis, Public Defender Robert Guarnieri, Louisville Metro Police Officer Mary

Godfrey, and Public Defender Daniel T. Goyette.

He sues each Defendant in his/her individual and official capacities, except Defendant

Goyette who is sued in his official capacity only.  He seeks monetary and punitive damages.

Plaintiff reports that his due process rights were violated when Defendant Godfrey arrested

him on September 12, 1996, and "had the evidence destroyed" some six weeks before his indictment

in May 1997.  He further claims that the prosecutors committed "misconduct" because no indictment

was returned for counts one and three of his indictment.  Additionally, he alleges that he was not

effectively represented by the public defenders because they recommended that he enter into a plea

on the charges.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also

2

transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

**A.      Official capacity claims for damages against all Defendants except Defendant Godfrey**[1]

The official capacity claims for damages will be dismissed on two bases.  First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages.  *Id.* (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).  Consequently, the § 1983 official capacity claims for damages against these Defendants will be dismissed.

**B.      Official capacity claims against Defendant Godfrey**

Because Plaintiff sued Defendant Godfrey in her official capacity, he has effectively sued the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008).  A municipality such as the Louisville Metro Government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691

---

[1]Defendant Godfrey is a county, not a state, employee so the official capacity analysis applicable to the state employee Defendants does not apply to her.

3

(1978).  Simply stated, to present a viable claim, Plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)(quoting *Coogan v. Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)).  Here, Plaintiff has not alleged that Defendant Godfrey's actions were part of any policy or custom.  As such, his official capacity claims against her will be dismissed.

## C.      Individual Capacity Claims

### 1.      Prosecutorial Defendants

Plaintiff's claims against the Prosecutorial Defendants are also barred.  In broad terms, Plaintiff's claims against the Prosecutorial Defendants relate to their conduct in their role as advocates.  To the extent the Prosecutorial Defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case they enjoy absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) (prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Therefore, Plaintiff's claims against the Prosecutorial Defendants will be dismissed for failure to state a claim.

### 2.      Public Defenders

Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Accordingly, Plaintiff's claims against the Public Defender Defendants will be dismissed for failure to state a claim.

**D.      Statute of Limitations**

Alternatively, it is clear from the face of Plaintiff's complaint that all of his claims are time

barred.  The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period

for personal injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, --U.S.--,

127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007).  In Kentucky, § 1983 actions are limited by the

one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*,

896 F.2d 179, 182 (6th Cir. 1990).  Although state law establishes the statute of limitations for § 1983

actions, federal law controls on the issue of when the statute of limitations begins to run.  *Sevier v.*

*Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of

limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of

the claim alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).  In *Wallace v.*

*Kato*, the United States Supreme Court held that the statute of limitations begins to run on the date

that the alleged constitutional violations occurred.  *See Wallace v. Kato*, 127 S. Ct. at 1100.  The

Supreme Court has also recently held that when the face of the complaint shows that an action is

time-barred, the case may be dismissed summarily upon screening.  *Jones v. Bock*, 549 U.S. 199, 127

S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007).

In this case, Plaintiff's 42 U.S.C. § 1983 claims arise out of conduct that occurred in 1996 and

1997.  Plaintiff knew or should have known of the injury that formed the basis of his claims shortly

thereafter. Plaintiff did not file the instant lawsuit until over a decade after the alleged events

occurred.  His § 1983 claims are time barred.

For the reasons set forth above, Plaintiff's complaint will be dismissed in its entirety.  The

Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4414.008